H. M. BILHARZ, Appellee, v. L. F. MARTINSEN, Appellant.

No. 39726.

DECEMBER 13, 1929.

*Charles S. White,* for appellant.

*J. A. Graham* and *T. M. Rasmussen,* for appellee.

EVANS, J.—The note in suit is one of several successive renewals of a certain note given in October, 1919, for $1,600, made by Christensen, as maker, to Martinsen, as payee. Martinsen sold and indorsed the same to the Farmers State Bank, of which the plaintiff, Bilharz, was and is the cashier. For the purpose of the discussion, we shall treat the note as the property of the Farmers State Bank. The note was successively renewed several times, and its original form preserved, each renewal note being signed by Christensen and indorsed by Martinsen. The note in suit was given October 1, 1925, and represents the last renewal. Martinsen pleaded an affirmative defense in two counts. Each count is predicated upon the alleged failure and neglect of the plaintiff to realize upon certain security obtained by it from Christensen in October, 1923. The first count avers that the mortgage was taken pursuant to an understanding and arrangement between the plaintiff and the defendant, and that, after it was taken, the plaintiff assured the defendant that it was ample security both for the plaintiff's debt and for other claims held by the bank against Christensen; that, notwithstanding such assur-

ance to the defendant, it neglected to realize on such mortgage; and that, because of such negligence of the plaintiff, the defendant was released. The second count adopts the averments of the first count, and alleges further that, by reason of the failure and negligence of the plaintiff, the defendant suffered damage to the full amount of the note sued on. The court submitted these defenses to the jury, which found adversely to the defendant. It appears from the evidence that, on October 10, 1923, the plaintiff bank secured from Christensen a chattel mortgage on certain described personal property. It purported to secure a note for $4,000 then and there executed. On October 18, 1923, another mortgage was executed, covering a part of the same property, and perhaps additional property. This purported to secure a note for $3,000 then and there executed. The first mortgage was signed by Christensen alone, and the second by both Christensen and his wife. Neither mortgage contained any reference whatever to the present debt. It appeared, however, from oral evidence, that the notes of $3,000 and $4,000 were given only as collateral, and that the real purpose was to secure other debts. Among the debts to be thus secured was the note in suit. It appeared by like oral evidence that the mortgage and collateral were given first to secure the payment of interest upon certain mortgages upon the land and certain expenses to be incurred in operating the farm for the coming year. Subject to the foregoing, the security was to extend to a certain note of approximately $400 held by the plaintiff bank, and then to the $1,600 note on which Martinsen was an indorser. The farm was operated in 1924, and the personal property was absorbed in the payment that year of interest and expenses of operation, to the amount of $2,900. The remnant, if any, was sold in the spring of 1926. The note in suit was executed and indorsed after the alleged misappropriation of funds in 1924.

I. One of the grounds of reversal stressed by the appellant is that the certain oral evidence herein referred to was inadmissible, and a right of reversal is predicated on that ground.  The argument is that, because Martinsen was beneficiary of the mortgage, he had the same right to object to oral evidence contradicting or varying the same as the mortgagee himself would have had. The trouble with this position is that,

so far as the face of the writing is concerned, Martinsen had no interest in it. His interest was disclosed only by the oral evidence, setting forth what may be termed a part of the consideration for the mortgage. The oral evidence thus objected to by the defendant was simply a part of the same oral agreement that the defendant relies upon to establish his interest in the mortgage. He does not object, of course, to that part of the oral agreement which is favorable to him. Sufficient to say that one part thereof is as admissible as the other. The oral agreement is admissible in its entirety or it is not admissible in any part. To eliminate the oral agreement leaves the defendant without any apparent interest. He is in no position, therefore, to urge this objection.

II. The defendant complains of certain Instructions 9 and 10 given by the court. The criticism is that they fail to put the burden of accounting upon the plaintiff, and that they impliedly put all the burden of proof on the defendant. We have examined the instructions complained of. They are lengthy, and we need not set them forth. We find them more favorable to the defendant than he was entitled to, and that they are not amenable to the complaints directed against them. The defendant pleaded an affirmative defense. The whole issue tried was upon the defendant's affirmations therein. The burden, therefore, was upon him. He expressly pleaded the negligence of the plaintiff and its bad faith, and these averments were submitted to the jury. It is argued by the defendant, however, that he had proved a fiduciary relation, and that because thereof the burden of proof was cast upon the plaintiff to prove diligence and good faith, and to account affirmatively for all sums received and the application thereof. The defendant did not plead a fiduciary relation, nor, in our judgment, did the evidence disclose any. Nevertheless, the court did instruct the jury, by Instruction 10, that, if they found the certain recited facts as herein claimed by the defendant, then the plaintiff would be required "to account for all the property covered by the mortgages which was sold or disposed of."

We think the defendant has no grievance at this point.

III. The defendant requested three certain instructions, and complains of the refusal thereof. The first of these sought to exclude the oral evidence which we have already referred to.

 The second requested instruction related to a subject which is quite foreign to the pleading. There was evidence that Christensen voluntarily offered the mortgage to the plaintiff and solicited its acceptance by the plaintiff because he feared that other creditors would seize his property, and because he desired to give the plaintiff a preference. It is urged in argument by the appellant that the giving of these mortgages for $3,000 and $4,000, respectively, was a badge of fraud, and that its tendency and its purpose were to cover up Christensen's property; that it was, therefore, fraudulent and void. Requested Instruction No. 2 purports to instruct the jury that, if they found such intended fraud, the "plaintiff cannot recover in this action." It will be seen that the requested instruction went entirely beyond any issue tendered in the pleadings. Requested Instruction No. 3 purported to instruct the jury that the oral agreement heretofore referred to was not binding upon the defendant unless it had been communicated to him, and that, in such event, the proceeds of the mortgaged property should have been first applied to the extinguishment of the indebtedness in suit. What we have already said is determinative at this point.

The foregoing comprise the principal points raised by the appellant. We are impressed from the record that the defendant had rather more than a fair trial, and that the doubts of the case were solved in his favor in the instructions.

The judgment below is, accordingly,—*Affirmed.*

ALBERT, C. J., and FAVILLE, KINDIG, and GRIMM, JJ., concur.